IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANGEL GERARDO,

Petitioner,

vs.

TODD BLANCHE, in his official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and DEPARTMENT OF HOMELAND SECURITY,

Respondents.

**8:26CV598**

**ORDER**

This matter is before the Court on Petitioner Angel Gerardo's petition for a writ of habeas corpus. (Filing No. 1). Gerardo, a noncitizen detained by U.S. Immigration and Customs Enforcement, alleges that his detention is unlawful because he has not received a bond hearing. But for the reasons set forth below, his petition will be denied.

## BACKGROUND

Gerardo is a native and citizen of Mexico. (Filing No. 1 at 2). The Form I-831 indicates that Gerardo is married and does not have any children.

On September 8, 2026, Nebraska State Patrol conducted a traffic stop on Interstate 80 of a pickup truck for failing to move over for a semi-truck trailer that was parked on the side of the road with reflective triangles displayed. (Filing No. 1 at 12). Inside the truck were six people, including Gerardo. (Filing No. 1 at 12). The officers determined that Gerardo and three other

occupants of the vehicle lacked lawful immigration status and obtained immigration warrants. (Filing No. 1 at 12). A Nebraska State Patrol Immigration and Customs Enforcement Task Force officer served Gerardo with an I-200 immigration warrant and he was taken into immigration custody and interviewed. (Filing No. 1 at 12). Immigrations and Customs Enforcement (ICE) then served Gerardo with a Notice to Appear and held him without bond pending removal proceedings. (Filing No. 1 at 13). Gerardo is currently detained at McCook Detention Center in McCook, Nebraska. (Filing No. 1 at 4).

In response, Gerardo petitioned for habeas relief. He challenges his continued detention as a violation of the Due Process Clause of the Fifth Amendment (Filing No. 1 at 8-10). He seeks immediate release or, alternatively, an order directing the Respondents to provide him a bond hearing within one week. (Filing No. 1 at 11).

## STANDARD OF REVIEW

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Gerardo bears the burden to show his custody is unlawful. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## DISCUSSION

28 U.S.C. § 2243 provides that the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, the face of Gerardo's petition shows he is not entitled to habeas relief. For the reasons stated below, the Court will deny his petition without requiring the Respondents to show cause.

The Court has previously found that due process challenges to immigration detention raised by petitioners similarly situated to Gerardo fail. *See, e.g., Crespo-Barragan, v. Mullin et al.,* 2026 WL 2056579 (D. Neb. July 16, 2026). It reaches the same conclusion here.

At the outset, Gerardo spends considerable time discussing the "legal framework" governing his detention and argues that the government has applied the wrong statute to him. (Filing No. 1 at 5); *compare* 8 U.S.C. § 1226(a) (providing that the government "may release" a noncitizen on bond in certain circumstances) *with* 8 U.S.C. § 1225(b)(2)(A) (authorizing detention without bond). However, the Eighth Circuit has already rejected those arguments. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). There, the Eighth Circuit held that noncitizens like Gerardo are "applicants for admission" under that term's statutory definition, so they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* at 1134.

Turning to Gerardo's claims for relief, although *Avila* did not expressly foreclose Gerardo's due process arguments, other decisions from the Eighth Circuit and Supreme Court have. In *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), the court reaffirmed the proposition that "[d]etention during deportation proceedings [i]s . . . constitutionally valid." *Id.* at 931 (quoting *Demore v. Kim*, 538 U.S. 510, 523 (2003)). Because "Congress may make rules as to aliens that would be unacceptable if applied to citizens," the government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* (quoting *Demore,* 538 U.S. at 522). "In other words, the government has more flexibility when dealing with immigration." *Id.* "The overall point," the Eighth Circuit reasoned, is that "[d]etention during removal proceedings is a constitutionally permissible part of th[e] process." *Id.* at 932. That is so even if the statute authorizing detention does not allow for a bond hearing. *See Demore,* 538 U.S. at 528 ("[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal.").

Gerardo argues that his private interest in freedom from detention outweighs the government's interest in maintaining the current procedures, relying on relying on *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (Filing No. 1 at 8). However, *Banyee* also forecloses this *Mathews* argument. Cases like *Demore* and *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) "leave no room for a multi-factor 'reasonableness' test." *Banyee,* 115 F.4th at 933. While it is true that "deciding what process is due ordinarily requires a form of interest balancing," those cases "have

already done whatever balancing is necessary" in the detention context. *Id. See, e.g., Demore*, 538 U.S. at 528 (explaining that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (linking a reasonable time limitation for detention to "the likelihood of removal in the reasonably foreseeable future"). As the Eighth Circuit noted, "the lead *dissent* in *Demore* advocated for the type of 'individual determination' [Gerardo] now seeks, presumably under a *Mathews*-type inquiry." *Banyee,* 115 F.4th at 933 (emphasis in original). Instead, the "bright-line rule" is that "the government can detain an alien for as long as deportation proceedings are still *pending*." *Id.* (citation modified) (emphasis in original). For Gerardo, they are (Filing No. 1 at 4), so *Mathews* is of no help to him.

Further, the fact that Gerardo has not received an individualized custody determination does not make his custody unlawful. The Supreme Court has repeatedly upheld the constitutionality of *categorical*, mandatory detention of certain classes of noncitizens. *See, e.g., Demore,* 538 U.S. at 531; *Carlson v. Landon*, 342 U.S. 524, 541-42 (1952) (rejecting claims of noncitizens deemed "deportable because of their participation in Communist activities" that they were entitled to be released from detention if they did not pose a flight risk); *Reno v. Flores,* 507 U.S. 292, 313 (1993) (upholding mandatory detention of a class of noncitizen juveniles because "reasonable presumptions and generic rules" are not necessarily impermissible exercises of Congress' traditional power to legislate with respect to noncitizens).

In those cases, the government could continue to hold the detainees simply "by reference to the legislative scheme." *Banyee,* 115 F.4th at 932. So too here. Even though Gerardo has not been individually found to be a flight risk or a danger to the community, his detention is constitutional. *See Demore*, 538 U.S. at 524 (emphasizing that "the aliens in *Carlson* were not flight risks" and "had not been found individually dangerous"). Whether or not an immigration judge *would* find Gerardo to be a danger or flight risk, § 1225(b)(2)(A) mandates his detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded . . . And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). Gerardo therefore has no procedural right to prove facts at a bond hearing — like lack

of flight risk or dangerousness — that the law renders irrelevant to his detention. *See Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7-8 (2003).

In sum, while *Avila* does not foreclose Gerardo's constitutional claims, other Supreme Court and Eighth Circuit precedent does. Thus, his petition for a writ of habeas corpus will be denied.

Accordingly,

**IT IS ORDERED:**

1. Petitioner Angel Gerardo's petition for a writ of habeas corpus (Filing No. 1) is denied.
2. A separate judgment will be entered.

Dated this 9th day of October, 2026.

BY THE COURT:

Susan M. Bazis

Susan M. Bazis
United States District Judge